[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has commenced this action seeking payment on a note dated November 27, 1995 and payable to Robert Coppola in the amount of $25,000.00
Louis DeMaio, in 1995, was the accountant for the plaintiff and also for the defendant Connecticut Environmental Associates, Inc. In November 1995 the defendant Richard Simonelli was the president and a stock holder in the defendant corporation. Mr. DeMaio, as a result of a conversation with the defendant Simonelli, arranged for a loan of $25,000.00 from the plaintiff to help the financial problems of the defendant corporation. The plaintiff agreed to loan the sum requested, but refused to make a loan to the corporate entity. Mr. Coppola then delivered $25,000.00 in cash to the accountant who prepared a note which was signed by the defendant Richard Simonelli as the borrower of the funds. The cash delivered to the accountant was deposited in three different banks and bank checks were obtained which were payable to the defendant corporation. The accountant then delivered the three bank checks to the corporate entity.
The note signed by the defendant Richard Simonelli as the borrower provided that he would repay the sum of $27,500.00 on December 27, 1995. When the note was not paid, Mr. DeMaio had many conversations with the defendant Simonelli regarding payment of the note. On January 11, 1996, defendant Simonelli sent a fax transmittal to the plaintiff stating he agreed with the accountant to make three ten thousand dollar payments in February 1996. The payments were not made. In 1996 the defendant corporation ceased its business acquisitions. On February 15, 1999, the defendant Simonelli wrote a letter to Mr. DeMaio which acknowledged the debt owed to the plaintiff and stated he intended to pay the note from any funds that the corporate entity might receive.
The defendant Richard Simonelli testified he never requested the loan and he never received the principal. He also denies ever seeing or endorsing the three bank checks which represented $25,000.00. He also CT Page 13093 denies the defendant corporation even received the money claimed in this case.
The testimony of the accountant Louis DeMaio is the more credible and his version of what took place are confirmed by the promissory note signed by the defendant Simonelli. The fax transmission, as well as the letter dated February 15, 1999 from Richard Simonelli, support the accountant's version of what occurred. The testimony of Richard Simonelli is lacking in credibility.
Based upon the evidence presented, reasonable inferences satisfy this court to conclude that the plaintiff is the holder in due course of the promissory note. The defendant Simonelli admitted signing the note. The note was executed for the benefit of both the corporate defendant, and also for defendant Simonelli as an officer and stockholder of the corporate defendant. A prima facie case has established both defendants did benefit from the money loaned by the plaintiff.
For the foregoing reasons, judgment shall enter for the plaintiff to recover from both defendants $27,500.00 plus interest of 10% per year from December 27, 1995.
Howard F. Zoarski Judge Trial Referee CT Page 13094